**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leneer Durel Turner,<br><br>            Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>            Respondents. | No. CV-12-703-TUC-DTF<br><br>**ORDER** |

  Petitioner Leneer Turner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before this Court are the Petition (Doc. 1), Respondents' Answer (Doc. 9), and two replies (Docs. 10, 11). The parties consented to exercise of jurisdiction by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 12.) The Court finds that the petition should be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

  In Pima County Superior Court, Petitioner pled guilty to one count of Burglary in the Third Degree (Case No. CR-2010 1049-001) and one count of Theft by Control (Case No. CR-2010 1488-001), and was sentenced to consecutive terms totaling ten years. (Doc. 9, Exs. C, D, E, F.) Petitioner filed a petition for post-conviction relief (PCR) alleging three claims of ineffective assistance of counsel, which the superior court denied on the merits on October 31, 2011. (*Id.*, Exs. J, L.) Petitioner filed a petition for review with the court of appeals on December 9, 2011. (*Id.*, Ex. M.) The appellate court denied review finding that the petition was not timely filed. (*Id.*, Exs. P, R, S, U.)

1

## DISCUSSION

2      Respondents do not dispute the timeliness of the petition but contend all of

3 Petitioner's claims are procedurally defaulted.

4

### PRINCIPLES OF EXHAUSTION AND PROCEDURAL DEFAULT

5      A writ of habeas corpus may not be granted unless it appears that a petitioner has

6 exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v.*

7 *Thompson*, 501 U.S. 722, 731 (1991). To properly exhaust, a petitioner must "fairly present"

8 the operative facts and the federal legal theory of his claims to the state's highest court in a

9 procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999);

10 *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

11      In Arizona, there are two primary procedurally appropriate avenues for petitioners to

12 exhaust federal constitutional claims: direct appeal and PCR proceedings. A habeas

13 petitioner's claims may be precluded from federal review in two ways. First, a claim may be

14 procedurally defaulted in federal court if it was actually raised in state court but found by that

15 court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, a

16 claim may be procedurally defaulted if the petitioner failed to present it in state court and

17 "the court to which the petitioner would be required to present his claims in order to meet the

18 exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S.

19 at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the

20 district court must consider whether the claim could be pursued by any presently available

21 state remedy). If no remedies are currently available pursuant to Rule 32, the claim is

22 "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1; *see*

23 *also Gray*, 518 U.S. at 161-62.

24      Because the doctrine of procedural default is based on comity, not jurisdiction, federal

25 courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*,

26 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally

27 defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly

28

1   exhaust the claim in state court and prejudice from the alleged constitutional violation, or

2   shows that a fundamental miscarriage of justice would result if the claim were not heard on

3   the merits in federal court. *Coleman*, 501 U.S. at 750.

4                      **PROCEDURAL DEFAULT ANALYSIS**

5            Petitioner raises four claims in his habeas petition: (1) his right to due process was

6   violated because he was not given time to review his Presentence Report (PSR) in advance

7   of sentencing; (2) because the trial judge was unaware of Turner's history of mental health

8   problems he did not give it any weight at sentencing; (3) the sentencing judge abused his

9   discretion by sentencing Turner to an aggravated term; and (4) counsel was ineffective for

10  failing to investigate and present evidence regarding Turner's mental health and for not

11  allowing Turner time to review and correct the PSR.

12           **Claim 1**

13           Petitioner alleges that receiving the PSR at the time of sentencing, without time to

14  review its content, violated his right to due process. Petitioner did not raise this due process

15  claim in his PCR petition, although he raised a related claim that counsel was ineffective for

16  failing to timely provide him a copy of the PSR. (Doc. 9, Ex. J.) Therefore, he failed to fairly

17  present this claim in state court. If Petitioner were to return to state court now to litigate this

18  claim it would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the

19  Arizona Rules of Criminal Procedure because it does not fall within an exception to

20  preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). This claim is technically exhausted but

21  procedurally defaulted.

22           **Claim 2**

23           Petitioner argues the trial judge failed to give sentencing weight to his history of

24  mental health issues because he had no notice of this potential mitigation. Only claims

25  alleging a federal Constitutional violation are cognizable in a federal habeas proceeding. *See*

26  28 U.S.C. § 2241(c). Petitioner has not alleged a violation of federal law in his petition nor

27  did he cite any law illuminating a federal issue. He cites *Williams v. Ryan*, 623 F.3d 1258,

28  1270 (9th Cir. 2010), however, that case addresses a judge's failure to weigh mitigation

presented to the court. Here, Turner is arguing that evidence, which might have changed his sentence, was not before the judge. The alleged error appears to lie with counsel, which is the subject of Claim 4. Thus, as an initial matter, the Court finds this claim is not cognizable.

Alternatively, to the extent Petitioner could state a federal claim, Claim 2 has not been exhausted as it was not included in Petitioner's PCR petition. (Doc. 9, Ex. J.) Therefore, he failed to fairly present this claim in state court. If Petitioner were to return to state court now to litigate this claim it would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because it does not fall within an exception to preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). This claim is technically exhausted but procedurally defaulted.

**Claim 3**

Petitioner alleges that in sentencing him to an aggravated term the sentencing judge abused his discretion. This claim is not cognizable because it does not allege a violation of the federal constitution. *See* 28 U.S.C. § 2241(c).

Alternatively, to the extent Petitioner could state a federal claim, Claim 3 has not been exhausted as it was not included in Petitioner's PCR petition. (Doc. 9, Ex. J.) Therefore, he failed to fairly present this claim in state court. If Petitioner were to return to state court now to litigate this claim it would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because it does not fall within an exception to preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). This claim is technically exhausted but procedurally defaulted.

**Claim 4**

Petitioner alleges his right to effective assistance of counsel was violated because counsel failed to investigate and present evidence regarding Turner's mental health and failed to timely review the PSR with Turner. Petitioner raised this claim in his PCR petition and his petition for review. (Doc. 9, Exs. J, M.)

To exhaust a claim, petitioner must fairly present his claims to the state courts in a procedurally appropriate manner. The state court imposed a procedural bar on all of the

1   claims raised in Petitioner's petition for review based on timeliness under Arizona Rule of

2   Criminal Procedure 32.9(c). A federal claim is barred from review by procedural default if

3   the last state court rendering judgment on the claim "clearly and expressly" states that its

4   ruling is based on a procedural bar. *Harris v. Reed*, 489 U.S. 255, 264 (1989). The Arizona

5   Court of Appeals did so here. (Doc. 9, Exs. P, S.) For a state procedural bar to constitute

6   adequate and independent grounds to support a federal court's finding of procedural default,

7   the rule must be "clear, consistently applied, and well-established at the time of the

8   petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). The

9   Ninth Circuit has found that Arizona regularly and consistently relies on its procedural

10  default rules. *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir. 1996). More

11  specifically, a ruling based on Rule 32.9(c) is independent and adequate to form the basis of

12  procedural default. *See Miloni v. Schriro*, No. 03-1025-PHX-MHM, 2006 WL 1652578, \*5

13  (D. Ariz. June 7, 2006) (extensively discussing both adequacy and independence of the rule);

14  *Diaz v. Ryan*, No. CV 11-2520-PHX-PGR (MHB), 2012 WL 7767577, \*7 (D. Ariz. Aug. 27,

15  2012). Petitioner has not argued otherwise. Thus, Claim 4 is procedurally defaulted.[1]

16          **Cause and Prejudice & Miscarriage of Justice**

17          Claims 1 through 4 are procedurally defaulted and subject to dismissal absent a

18  ground to overcome the default. To establish cause for the default, a petitioner must

19  demonstrate that an objective factor external to the defense impeded compliance with the

20  procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner does not

21  directly address cause. However, in one of his reply briefs, Petitioner argues that his default

22  is due to problems with his mail at the prison over which he had no control.

23          Petitioner argues that the prison often does not mail his court filings in a timely

24  manner. Specifically, he contends that they did not mail his petition for review to the court

25  ────────────

26      [1]     The Court notes that even if Claims 1, 2 and 3 arguably were included in Petitioner's
27  PCR petition and petition for review, they would still be procedurally barred because the
    court of appeals dismissed the entirety of the petition based on the state procedural bar of
28  timeliness.

1  of appeals for weeks. This contention is not supported by the relevant document. He signed
2  the petition on December 6, 2012, and it was received at the appellate court on December 9.
3  2012. (Doc. 9, Ex. M.) By the time Turner signed the petition, he had already missed the
4  thirty day filing deadline.

5       Petitioner also argues the appellate court granted review in July 2012, but because he
6  had been transferred he did not receive that document until November 2012. Petitioner
7  submits only the envelope from the court of appeals postmarked July 23, 2012, but no copy
8  of the contents of that envelope. (Doc. 10 at 6.) The Court reviewed the Arizona Court of
9  Appeals division two docket for this case, as submitted by Respondent (Doc. 9, Ex. V) and
10 online.[2] That review confirmed that the appellate court dismissed the petition as untimely on
11 January 31, 2012. (Doc. 9, Ex. S.) The only filing in July 2012 was the issuance of the
12 court's mandate on the 23rd of that month.

13      Petitioner has not established that prison mail issues beyond his control impeded him
14 from timely filing his petition for review. Further, Petitioner has provided no basis for his
15 failure to raise Claims 1-3 in his PCR petition. In sum, he has not alleged cause and prejudice
16 to overcome the procedural default of his four claims.

17      Petitioner did not allege in his reply briefs that there will be a miscarriage of justice
18 if his defaulted claims are not addressed on the merits. To demonstrate a fundamental
19 miscarriage of justice based on factual innocence, a petitioner must show that "a
20 constitutional violation has probably resulted in the conviction of one who is actually
21 innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). To establish the requisite probability,
22 the petitioner must demonstrate with new reliable evidence that "it is more likely than not
23 that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*.
24 at 324, 327. Nowhere in his filings has Turner presented new evidence or argued that he is
25 actually innocent. There are no grounds for a miscarriage of justice finding.

27     [2]   The docket can be accessed at the following website, by searching for Petitioner's
28 case number, CR 2011–382-PR: http://www.appeals2.az.gov/ODSPlus/caseInfo.cfm.

**CONCLUSION**

Claims 2 and 3 are not cognizable because Petitioner has failed to allege a federal constitutional violation. Claims 1, 2 and 3 are technically exhausted and procedurally defaulted because Petitioner failed to fairly present them in state court and no longer has an available state court remedy. Claim 4 is procedurally defaulted because the state court found the claim untimely under state law and dismissed it based on that procedural bar.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability (COA) at the time it issues a final order adverse to the applicant. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not find this Court's procedural rulings debatable, therefore, a COA will not issue.

Accordingly, **IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability.

DATED this 10th day of June, 2013.

D. Thomas Ferraro
United States Magistrate Judge